# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll Superior Court
96 Water Village Rd., Box 3
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name: **Robert Greenwood v Diversified Clinical Services, Inc. and Healogics, Inc.**
Case Number: **212-2015-CV-00113**

Date Complaint Filed: August 04, 2015
A Complaint has been filed against Diversified Clinical Services, Inc.; Healogics, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| September 18, 2015 | Robert Greenwood shall have this Summons and the attached Complaint served upon Diversified Clinical Services, Inc.; Healogics, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| October 09, 2015 | Robert Greenwood shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Diversified Clinical Services, Inc.; Healogics, Inc. must file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Diversified Clinical Services, Inc.; Healogics, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Leslie Hughes Johnson, ESQ      Law Office of Leslie H Johnson PLLC
                                PO Box 265
                                Center Sandwich NH 03227

BY ORDER OF THE COURT

August 04, 2015                 Abigail Albee
                                Clerk of Court

(406)

STATE OF NEW HAMPSHIRE

CARROLL; SS.                                          SUPERIOR COURT

Docket No. 212-2015-CV-00113

Robert Greenwood
9167 W. Lillywood Dr.
Boise, ID 83709

v.

Diversified Clinical Services, Inc.
5220 Belford Road, Ste. 130
Jacksonville, FL 32256

And

Healogics, Inc.
5220 Belford Road, Ste 130
Jacksonville FL 32256

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES the Plaintiff, Robert Greenwood, by and through his attorney, the Law Office of Leslie H. Johnson, PLLC, and complains against Defendants, Diversified Clinical Services, Inc., and Healogics, Inc., and in support thereof states as follows:

**1.   Plaintiff requests trial by jury.**

### INTRODUCTION

2.   Plaintiff, Robert Greenwood (hereinafter "Plaintiff") brings this action pursuant to the statutory and common laws of the State of New Hampshire, particularly for Wrongful Discharge. Plaintiff seeks to recover all damages as allowed by law.

### VENUE

3. Venue is proper as Plaintiff resided in Conway, Carroll County, New Hampshire during all times complained of within this Complaint; Plaintiff worked for Defendants in North

Conway, New Hampshire; and the unlawful employment acts complained of were committed in North Conway, Carroll County, New Hampshire.

## PARTIES

4. Plaintiff, Robert Greenwood (hereinafter "Plaintiff") is currently residing at 9167 West Lillywood Drive, Boise ID 83709; however, at all relevant times set forth below, Plaintiff was a citizen of the Town of Conway, County of Carroll, and State of New Hampshire, with an address of 159 Webster Road #9A, Center Conway, NH 03813. Plaintiff was employed by Defendants from on or about July 14, 2011 to on or about May 2, 2013.

5. Defendant Diversified Clinical Services, Inc., (hereinafter collectively as "Defendant" or "Defendant Diversified") is a foreign corporation registered to do business in New Hampshire. Its principal mailing address is 5220 Belford Road, Suite 130, Jacksonville FL 32256. Its Registered Agent for service is Lawyers Incorporation Service, 14 Centre Street, Concord, NH 03301.

6. Defendant Healogics, Inc., (hereinafter collectively as "Defendant" or "Defendant Healogics") is a foreign corporation registered to do business in New Hampshire. Its principal mailing address is 5220 Belford Road, Suite 130, Jacksonville FL 32256. Its Registered Agent for service is Lawyers Incorporation Service, 14 Centre Street, Concord NH 03301.

7. Defendants are responsible for the actions of their employees, under the theories of vicarious liability and/or *respondeat superior*. All Defendants will be referred to in the singular, as "Defendant".

## STATEMENT OF FACTS

8. Plaintiff was employed by Defendant as a Hyperbaric Technician at their facility located at The Memorial Hospital in North Conway NH, and performed his job well. He began employment on or about July 14, 2011.

9. In approximately March 2013, the Program Director for Defendant, Pam Fortin, was transferred to a facility of Defendant located in North Carolina. Prior to this time, Plaintiff would contact Fortin whenever he was unable to work due to illness. Thereafter, Plaintiff understood he needed to inform Ellen Blanchard, Clinical Coordinator of The Memorial Hospital if he was going to be out as she scheduled all patient services for Plaintiff.

10. In late March/early April 2013, because of Plaintiff's excellent job performance, Defendant asked Plaintiff to consider applying for the Program Director position, a position typically not offered to individuals who were with Defendant less than two years.

11. On or about April 30, 2013 at approximately 4:30AM, Plaintiff sent a text message to Blanchard that he was sick and would not be able to come to work that day.

12. Because Plaintiff did not hear back from Blanchard, at 8:10AM that same day, Plaintiff called Blanchard and left a voice message.

13. On or about May 1, 2013 at 8:11AM, after trying to reach Blanchard, Plaintiff called Tammy Wilson, Office Manager for Defendant, and told her he was sick and would not be in that day, and that he would be going to the hospital to be checked out. In addition, Plaintiff asked Wilson to have Blanchard call him. Within minutes Blanchard returned Plaintiff's call. Plaintiff again stated he had a fever and that it was 102.7 degrees, that he would not be able to work, and would be treating at The Memorial Hospital Emergency Department later that day. Blanchard stated, "Okay Rob, just keep us posted."

14. Thereafter, on or about May 1, 2013, Plaintiff went to The Memorial Hospital's Emergency Department and was diagnosed with pneumonia and bronchitis. Plaintiff was instructed by the medical care providers to stay out of work for a minimum of 48 hours due to the contagious nature of his illness.

15. Plaintiff's job necessitated that he work with patients who had compromised immune systems, in that most of his patients were on IV antibiotics with serious bone infections, and therefore they were more susceptible to infections. Thus it was imperative that he not work while contagious.

16. Plaintiff called Blanchard after his ER visit on or about May 1, 2013, and informed her of his condition, including that he was instructed by the medical care providers that his condition was contagious and that he was not to return to work for 48 hours in order for the antibiotics to begin working. He further stated he hoped to return to work on Friday, May 3, 2013 if all went well. He also stated he would bring a copy of his ER records with him when he returned to work if she needed them. Blanchard's response was, "We definitely don't want you here while you are contagious. Rob, just rest up and get better. See you on Friday."

17. On or about May 2, 2013, Plaintiff had to return to the ER for further treatment.

18. On May 2, 2013, Wilson called Plaintiff to see how his was feeling, at which time Plaintiff informed her he was beginning to feel better and planned to return to work on Friday, May 3, 2013.

19. On or about May 2, 2013 Defendant Healogics called Plaintiff to inform him, he had been terminated for "voluntary job abandonment." Plaintiff spoke with Human Resources explaining that he had been out ill, had medical documentation to prove it, had PTO time available, and had kept Defendant informed on a daily basis as to his illness. Even so Defendant stated "the decision is not up for discussion."

20. That same day after learning of his termination, Plaintiff emailed Eric Unser, Area Vice President, and Steve Wyrsch, the Hospital's COO explaining the fact he had not abandoned his job, but had kept Defendant informed on a daily basis as to his illness and expected return to work on May 3, 2013, that his illness was contagious in nature, and that he was abiding by both the hospital's policies as well as federal laws and guidelines for patient care by not exposing the patients to his illness. Within said email, Plaintiff asked Defendant to reconsider the termination, however, Plaintiff never received a response.

21. On or about May 4, 2013, Plaintiff received his last paycheck from Defendant which showed PTO time available.

22. On or about May 6, 2013, Plaintiff met with Wyrsch, who told Plaintiff he did not understand why Defendant terminated Plaintiff and that it had nothing to do with The Memorial

4

Hospital.

23. It was Defendant's standard procedure, that if an employee was sick, they were to contact the Clinical Coordinator (Blanchard) and notify her if they would not be in. Plaintiff followed Defendant's standard procedure.

24. Plaintiff was never notified of any change in procedure. In fact, he did not learn of an alleged change in procedure until after his termination, when he received a letter from Defendant indicating that since Plaintiff had not notified Unser he was sick, Defendant considered he had abandoned his job and was therefore terminated.

25. To the best of Plaintiff's knowledge the area vice president was not usually the one to be called about absences. Although Plaintiff asked Defendant to reconsider its position, they refused to do so.

## COUNT I
## WRONGFUL DISCHARGE

26. Plaintiff incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

27. Plaintiff asserts he was treated contrary to Defendant's employee policies, and was terminated for doing something that various public policies encourage and demand, or in other words, refraining from doing something that was against public policy.

28. Plaintiff stayed out of work on from on or about April 30, 2013 through May 2, 2013 because he had been diagnosed with a communicable disease, pneumonia and bronchitis, which required medical care. Plaintiff sought medical care on both May 1 and May 2, 2013, by going to the Emergency Department of The Memorial Hospital, at which time Plaintiff was placed on prescription medications, i.e. antibiotics. Plaintiff was also instructed by the hospital on May 1, 2013, to not return to work for a minimum of 48 hours to ensure his fever was down and the antibiotics were working. Had Plaintiff returned to work sooner, he could expose others to his illness.

5

29. Plaintiff notified Defendant on a daily basis beginning April 30, 2013 that he was out sick and the nature of his illness.

30. State and/or Federal laws, rules, regulations, procedures, and/or licensing standards, govern issues concerning medical personnel and communicable diseases. For example, when one enters the hospital there is a sign posted at urgent care. Therefore, employees of Healogics as well as their patients would see two signs before they treated with Plaintiff. The signs says something to the effect of "if you have a communicable disease please notify staff and put a mask on".

31. It is Plaintiff's understanding that as a person working in a medical facility, and a person who works with sick and infirm patients, that he was to comply with all applicable laws and regulations concerning communicable diseases, and acted in accordance therewith, as well as instructions from his medical care providers. Therefore, he remained out of work from April 30, 2013 and planned to return on May 3, 2013.

32. In addition, Plaintiff was dealing with his own health condition which necessitated medical treatment, which public policy also supports.

33. Plaintiff had sick time available to cover the time he was out.

34. Defendant terminated Plaintiff contrary to public policies as described herein.

35. Defendant knew, or should have known, that their actions described herein were illegal, and contrary to law. Defendant's actions were contrary to their own employee policy, contrary to the law and done knowingly, maliciously, with reckless indifference and were egregious and wanton, thus justifying an award of enhanced/liberal compensatory damages.

36. As a result of Defendant's actions, Plaintiff has been damaged. Plaintiff claims damages which are within the jurisdictional limits of this Court, including liberal compensatory damages, back pay, front pay, lost benefits, loss of future earning capacity, emotional distress, embarrassment, humiliation, aggravation, liquidated damages, damages to reputation, tax consequences, reasonable costs and attorneys' fees related to this action, and all other damages as allowed by law, all of which Plaintiff has suffered due to the discrimination/harassment by

6

Defendant and its agents as set forth herein.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court and/or a jury order the following relief:

A. Back wages, together with lost fringe benefits and any other benefits, including increased retirement benefits, which Plaintiff would have earned had he not been demoted, but followed the usual path of job promotion;

B. Future wages, fringe benefits, loss of earning capacity and other benefits;

C. Reasonable attorney fees, interest and costs;

D. Enhanced compensatory, liquidated damages, and double damages;

E. Liberal compensatory damages;

F. An amount to be awarded by the Court to make up for any adverse tax consequences due to any judgment or award;

G. An apology;

H. All available pre-judgment and post-judgment interest;

I. All other damages as set forth herein and as allowed by law; and

J. Such other and further relief as is just and equitable.

Respectfully submitted,
**ROBERT GREENWOOD**
By his attorney

Dated: 8/3, 2015

Leslie H. Johnson, Esquire - NHBA #5545
Law Office of Leslie H. Johnson, PLLC
PO Box 265
Center Sandwich NH 03227
603.284.6600
leslie.lesliejohnsonlaw@gmail.com

7



CORPORATION SERVICE COMPANY

# Notice of Service of Process

null / ALL
Transmittal Number: 14147988
Date Processed: 08/19/2015

| | |
|---|---|
| Primary Contact: | Thomas Clayton<br>Healogics<br>5220 Belfort Road<br>Suite 130<br>Jacksonville, FL 32256 |
| Copy of transmittal only provided to: | Pat Smith<br>Melanie Kovacs<br>Stephanie Jordan<br>Tyler Manning<br>Jan Flostrand |

| | |
|---|---|
| Entity: | Diversified Clinical Services, Inc.<br>Entity ID Number 1631835 |
| Entity Served: | Diversified Clinical Services, Inc. |
| Title of Action: | Robert Greenwood vs. Diversified Clinical Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court/Agency: | Carroll County Superior Court, New Hampshire |
| Case/Reference No: | 212-2015-CV-00113 |
| Jurisdiction Served: | New Hampshire |
| Date Served on CSC: | 08/18/2015 |
| Answer or Appearance Due: | 09/18/2015 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Leslie H Johnson<br>603-284-6600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# Merrimack County Sheriff's Office
SHERIFF SCOTT E. HILLIARD
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

DIVERSIFIED CLINICAL SERVICES, INC.
14 CENTRE ST
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                           8/18/15

I, DEPUTY BRUCE A CLOUGH, on this date at __0950__ a.m./p.m., summoned the within named defendant DIVERSIFIED CLINICAL SERVICES INC as within commanded, by leaving at the office of Registered Agent Corporation Service Company, d/b/a Lawyers Incorporating Service, 14 Centre Street, Concord, said County and State of New Hampshire, its true and lawful agent for service of process under and by virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested copy of this Summons and Complaint.

FEES

| | |
|---|---|
| Service | $25.00 |
| Postage | 1.00 |
| Travel | 15.00 |
| TOTAL | $41.00 |

DEPUTY BRUCE A CLOUGH
Merrimack County Sheriff's Office

**A TRUE COPY ATTEST:**

BRUCE A. CLOUGH
Merrimack County Sheriff's Office



**CORPORATION SERVICE COMPANY**

null / ALL
Transmittal Number: 14147649
Date Processed: 08/19/2015

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Thomas Clayton<br>Healogics<br>5220 Belfort Road<br>Suite 130<br>Jacksonville, FL 32256 |
| **Copy of transmittal only provided to:** | Jan Flostrand<br>Stephanie Jordan<br>Tyler Manning<br>Melanie Kovacs<br>Pat Smith |
| **Entity:** | Healogics, Inc.<br>Entity ID Number 1663002 |
| **Entity Served:** | Healogics, Inc. |
| **Title of Action:** | Robert Greenwood vs. Diversified Clinical Services, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Carroll County Superior Court, New Hampshire |
| **Case/Reference No:** | 212-2015-CV-00113 |
| **Jurisdiction Served:** | New Hampshire |
| **Date Served on CSC:** | 08/18/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Leslie H. Johnson<br>603-284-6600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

## Merrimack County Sheriff's Office
SHERIFF SCOTT E. HILLIARD
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

HEALOGICS, INC.
14 CENTRE ST
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                                  8/18/15

    I, DEPUTY BRUCE A CLOUGH, on this date at __0950__ a.m./~~p.m.~~, summoned the within named defendant HEALOGICS, INC. as within commanded, by leaving at the office of Registered Agent Corporation Service Company, d/b/a Lawyers Incorporating Service, 14 Centre Street, Concord, said County and State of New Hampshire, its true and lawful agent for service of process under and by virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested copy of this Summons and Complaint.

FEES

| | |
|---|---:|
| Service | $25.00 |
| Postage | 1.00 |
| Travel | 0.00 |
| TOTAL | $26.00 |

_____
DEPUTY BRUCE A CLOUGH
Merrimack County Sheriff's Office

**A TRUE COPY ATTEST:**

_____
BRUCE A. CLOUGH
Merrimack County Sheriff's Office